# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

BYRON WILLIAMS,

        Plaintiff,

vs.

HEAD SECURITY TEAM, *et al.*,

        Defendants.

Case No. 2:19-cv-01702-KJD-VCF

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1) AND COMPLAINT (ECF NO. 1-1)

    Before the Court are *pro se* Plaintiff Byron Williams's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). Plaintiff's *in forma pauperis* application is granted and his complaint is dismissed without prejudice.

## DISCUSSION

    Plaintiff's filings present two questions: (1) whether Williams may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Williams's complaint states a plausible claim for relief.

**I.**    **Plaintiff Williams May Proceed *In Forma Pauperis***

    Williams 's application to proceed *in forma pauperis* is granted. Under 28 U.S.C. § 1915(b)(1), if a plaintiff brings a civil action, the prisoner "shall be required to pay the full amount of the filing fee," and when funds exist, the court shall collect as partial payment the "initial partial filing fee of 20 percent of the greater of -- (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint[.]" According to Williams's financial certificate, he paid a filing fee equal to 20 percent of his current account balance on August 30, 2019, an amount greater than the amount he would have paid under 20 U.S.C. § 1915(b)(1)(A) or (B). (ECF No. 1 at 5). Plaintiff's application to proceed *in forma pauperis* is granted.

## II. Plaintiff's Complaint Fails to State a Claim Upon Which the Court May Grant Relief

When the Court has granted an application to proceed *in forma pauperis*, it must review plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Williams filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the head security team, the surveillance team, and an unknown doctor at Spring Valley Hospital. (ECF No. 1-1 at 2). Williams alleges he and his sister were attacked by doctor(s) and/or nurse(s) while at Spring Valley Hospital, and that video surveillance footage of the incident was deleted at the direction of hospital personnel. (ECF No. 1-1 at 3-4). Williams asks the court to consider that the incident was motivated by

discrimination against Williams's mental and physical disabilities.  (ECF No. 1-1 at 1,3).  He states his causes of action are violations of the Eighth and Fourteenth Amendments, and deliberate indifference. (ECF No. 1-1 at 3-5, 9).  Williams is currently incarcerated. (ECF No. 1 at 3).  The complaint does not allege that state or local officials had Williams in their care or custody at the time of the alleged incident.

To state a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986).  A defendant has acted under color of state law where he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Plaintiff's complaint does not allege facts to support a claim that the defendants were acting "under the color of state law," or that the State was in any way responsible for the conduct of the Spring Valley Hospital defendants at the time of the alleged incident.  The defendants here appear to be private parties not acting "under the color of state law."  Plaintiff Williams's complaint therefore fails to state a claim under § 1983.  Plaintiff's complaint is dismissed without prejudice.  If Williams files an amended complaint, it must be "complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading."  LR 15-1(a).

ACCORDINGLY,

IT IS ORDERED that Williams's application to proceed *in forma pauperis* (ECF No. 1) is granted.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Williams's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Williams has until November 20, 2019, to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

4

DATED this 21st day of October 2019.

                                                      _____
                                                      CAM FERENBACH
                                                      UNITED STATES MAGISTRATE JUDGE