**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| BYRON WILLIAMS<br><br>Plaintiff,<br><br>vs.<br><br>HEAD SECURITY TEAM OF SPRING VALLEY HOSPITAL AND SURVEILLANCE TEAM OF SPRING VALLEY HOSPITAL<br><br>Defendants. | 2:19-cv-01702-KJD-VCF<br><br>**Report and Recommendation for Dismissal**<br><br>-And-<br><br>**Order**<br><br>AMENDED COMPLAINT [ECF NO. 5-1] AND MOTION TO SUPPLEMENT AMENDED COMPLAINT [ECF NO. 6] |

Before the Court are *pro se* plaintiff Byron William's amended complaint (ECF No. 5-1) and motion to supplement amended complaint (ECF No. 6). Plaintiff Williams does not allege specific causes of action, but he appears to bring claims against defendant the Spring Valley Hospital assault and battery, destruction of evidence, emotional distress, and racial discrimination. (ECF No. 5-1). In defendant William's motion to supplement the amended complaint, he seeks to amend his complaint to add the fact that the date of the incident was July 21, 2018 at "22:37 PDT."

The Court recommends that this case (referred to herein as "*Williams II*") be dismissed because plaintiff previously filed a duplicate case in this Court which is currently pending. See *Williams v Spring Valley Hospital*, 2:19-cv-00419-GMN-EJY (referred to herein as "*Williams I*"). The Court orders that plaintiff's motion to supplement his amended complaint is denied as moot.

1

**I.      Background**

Williams initiated his first case, *Williams I*, on March 12, 2019. *Williams I*, ECF No. 1. The Court denied his application to proceed in forma pauperis without prejudice, and gave him leave to amend, because he did not submit an application with his first complaint. *Williams I*, ECF No. 8 at 3. On August 20, 2019, Williams filed an amended complaint in *Williams I*, ECF No. 11.  In his amended complaint, plaintiff alleges that he and his sister were attacked by doctor(s) and/or nurse(s) while at Spring Valley Hospital, and that video surveillance footage of the incident was deleted at the direction of hospital personnel. *Id.* at 4. Williams states that the doctor(s) and/or nurse(s) actions were motivated by racial discrimination. *Id.* Plaintiff appears to bring claims for "hate crimes", attempted murder, battery, kidnapping, and related claims. *Id.* at 3. *Williams I* is still an active case and is now pending before the Court.

Williams initiated the instant action, *Williams II*, on September 30, 2019. (ECF No. 1). In Williams's amended complaint, he alleges that he and his sister were attacked by doctor(s) and/or nurse(s) while at Spring Valley Hospital, and that video surveillance footage of the incident was deleted at the direction of hospital personnel. (ECF No. 5-1). Williams brings claims against the same defendants, although the case caption in the instant case refers to specific departments (i.e. "Head Security Team") within the Spring Valley Hospital. (*Id*. at 1). Williams does not list specific causes of action in *Williams II* but based on the facts it appears that he brings claims for assault and battery, destruction of evidence, emotional distress, and racial discrimination. (*Id.*).

**II.     Discussion**

Pursuant to 28 U.S.C. § 1915, the court must screen an IFP complaint and dismiss the complaint if the court determines the complaint is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).  "[T]he "first-to-file" rule (also called the "first-filed" or the

"prior pending action" rule) dictates that, in the absence of "exceptional circumstances," the later-filed action should be stayed, transferred or dismissed[ ]." *Colortyme Fin. Servs. v. Kivalina Corp.,* 940 F. Supp. 269, 272 (D. Haw. 1996), citing to *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 692 (9th Cir. 2007); citing to *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 184, 72 S. Ct. 219, 221 (1952). "In a situation such as here, where one district court had duplicative suits contemporaneously pending on its docket, we conclude, as did the Supreme Court in an analogous situation, that "[n]ecessarily, an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower court[ ]." *Adams*, 487 F.3d at 692 citing to *Kerotest Mfg. Co.*, 342 U.S. at 184.

The first-filed rule should not be departed from except in cases of, "rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping." *EEOC v. Univ. of Pennsylvania*, 850 F.2d 969, 972 (3d Cir. 1988). "The prior pending action doctrine is one of federal judicial efficiency to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments, and provides that where there are two competing lawsuits, the first suit should have priority[.]" *Curcio v. Hartford Fin. Servs. Grp.*, 472 F. Supp. 2d 239, 241 (D. Conn. 2007). "A plaintiff is required to bring at one time all of the claims against a party or privies relating to the same transaction or event." *Adams,* 487 F.3d at 686.

A related legal doctrine, called claim-splitting, is a "sub-species" of res judicata. *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, No. 19-cv-03345-EMC, 2019 U.S. Dist. LEXIS 174870, at 10 (N.D. Cal. Oct. 8, 2019). The doctrine provides that a party may not split a cause of action into separate grounds of recovery and raise the separate grounds in successive lawsuits. *In re PersonalWeb*

*Techs.,* LLC, 2019 U.S. Dist. LEXIS 56804, at 49 (N.D. Cal. Mar. 13, 2019). Claim splitting differs from res judicata because it does not require that there be a final judgment. *Adams* at 487 F.3d at 692 (In considering whether a second action is duplicative for purposes of claim splitting, a court borrows from the test for res judicata and analyzes, "whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion") "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams,* 487 F.3d at 688.

Plaintiff initiated *Williams I* in March 12, 2019, several months before this case, so *Williams I* is the first filed case. Williams brings nearly identical claims in both cases, regarding the exact same incident that allegedly occurred at Spring Valley Hospital. Pursuant to the first filed rule, or the prior action pending doctrine, the first case filed (*Williams I*) should have priority. Dismissal of this case is appropriate because dismissal serves judicial efficiency.

The Court also notes that the causes of action and the listed defendants are not completely identical. For example, in *Williams I*, he appears to bring a claim for kidnapping and his claims are against the Spring Valley Hospital, but in *Williams II*, he does not mention kidnapping and lists the defendants as units of the Spring Valley Hospital. The facts alleged in each amended complaint, however, involve the same subject matter. Because the rule against claim splitting forecloses plaintiff's ability to bring two separate actions involving the same subject matter at the same time in the same court against the same defendants, the Court recommends dismissing this case.

The plaintiff may file a motion to amend his complaint in *Williams I*. Because the Court recommends that this case be dismissed, the Court denies plaintiff's motion to supplement his complaint as moot.

ACCORDINGLY,

IT IS RECOMMENDED that plaintiff Byron Williams's complaint (ECF No. 5-1) be DISMISSED.

IT IS ORDERED that plaintiff's motion to supplement his amended complaint (ECF No. 6) is DENIED.

### **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED AND RECOMMENDED.

DATED this 16th day of January 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE